# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO LAFARGA-SALAZAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | 1:11-CV-639 AWI<br><br>(Crim. No. 1:09-cr-0092 AWI)<br><br>**ORDER TO SHOW CAUSE<br>WHY PETITIONER'S 28 U.S.C. §<br>2255 PETITION IS NOT<br>UNTIMELY** |

Petitioner Luis Lafarga-Salazar ("Petitioner") seeks relief under 28 U.S.C. § 2255. Pursuant to a plea bargain, Petitioner pled guilty to a violation of 8 U.S.C. § 1326. See Crim. Doc. Nos. 16, 17. On November 13, 2009, the judgment and commitment was entered on the docket. See Crim. Doc. No. 18. Petitioner did not file an appeal. On April 12, 2011, Petitioner filed this 28 U.S.C. § 2255 petition. See Crim. Doc. No. 20.

Section 2255 in relevant part provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A review of the § 2255 petition suggests that section (f)(1), the date on which the judgment of conviction became final, is the appropriate starting date for Petitioner's one year statute of limitations. Because Petitioner did not file an appeal, his conviction became final 14 days after entry of judgment, i.e. November 30, 2009.[1] See Fed. R. App. Pro. 4(b)(1)(a)(i);

---

[1] November 27, 2009, was the day after Thanksgiving, and is a day that most courts are closed.

United States v. Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001). Petitioner therefore had until November 30, 2010, in which to file a § 2255 petition. However, the petition was filed on April 12, 2011, well beyond the November 2010 deadline. See Crim. Doc. No. 20. Because this petition was not filed prior to November 30, 2010, it is on its face untimely.

While a court may raise § 2255's one year statute of limitations period *sua sponte*, it must give the petitioner notice and an opportunity to respond before dismissing the case. See Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001); Whipple v. United States, 2007 U.S. Dist. LEXIS 79977 (D. Idaho Oct. 29, 2007). Equitable tolling applies to § 2255 petitions. United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). In order to establish equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

In accordance with *Herbst*, the Court will give Petitioner the opportunity to show that this petition is timely. In order to avoid dismissal, Petitioner must demonstrate either his compliance with § 2255(f)'s one year statute of limitations or that he is entitled to equitable tolling.

## **ORDER**

Accordingly, PETITIONER IS HEREBY ORDERED TO SHOW CAUSE why his motion for relief under 28 U.S.C. § 2255 should not be dismissed as barred under the one-year statute of limitations period discussed above. Petitioner may submit a response to this order to show cause within 28 days of service of this order. If Petitioner does not respond to this order to show cause, then the Court will deem his request for relief abandoned, and will order his motion dismissed and direct the Clerk of the Court to close this case. Petitioner's response, if any, to this order to show cause shall be entitled "Response to Order to Show Cause." In his response, if any, to the order to show cause, Petitioner shall set forth <u>specific facts</u> regarding his compliance with § 2255(f) and/or the applicability of equitable tolling.

IT IS SO ORDERED.

Dated: February 29, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE